**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nicasio ROMAN, Defendant–Appellant.**

**No. 12–10421.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2014.

Filed March 19, 2014.

Nirav Kaushik Desai, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

David Miles Porter, Assistant Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM *

Nicasio Roman appeals his conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He challenges the district court's denial of his motion to dismiss his indictment based on alleged due process violations in his underlying removal proceeding. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *See United States v. Valdavinos–Torres,* 704 F.3d 679, 685 (9th Cir.2012). We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

An alien mounting a collateral attack on the underlying removal order "must, as a threshold matter, show that he exhausted his administrative remedies." *United States v. Valdavinos–Torres*, 704 F.3d 679, 685 (9th Cir.2012) (quoting *United States v. Villavicencio–Burruel*, 608 F.3d 556, 559 (9th Cir.2010)); *see also* 8 U.S.C. § 1326(d)(1). Here, the record reflects that Roman appealed the underlying removal order to the Board of Immigration Appeals, but later dismissed his appeal. Thus, Roman failed to exhaust his administrative remedies.

**AFFIRMED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.